**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **WILBERT PATRICK STEWART,** | § | |
| **TDCJ No. 1833832,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **CIVIL NO. SA-15-CA-1043-XR (PMA)** |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

**ORDER OF DISMISSAL**

Petitioner Wilbert Patrick Stewart filed this action pursuant to 28 U.S.C. § 2254 challenging his January, 2013 Bexar County conviction in cause no. 2012-CR-6387 for burglary of a habitation, a charge to which petitioner pleaded nolo contendere. For the reasons discussed below, the petition will be dismissed as untimely.

Background

Petitioner entered a nolo contendere plea on January 15, 2013 in cause no. 2012-CR-6387 to a charge of burglary of a habitation with intent to commit assault and was sentenced to serve a nine-year term of imprisonment. He did not appeal his conviction or sentence. State court records reveal that petitioner filed an application for state habeas corpus relief in cause no. 2012-CR-6387

on February 26, 2015[1] (WR-81,003-06) which the Texas Court of Criminal Appeals denied without written order on June 17, 2015.

Proceedings in this Court

In view of the prisoner mailbox rule,[2] on October 16, 2015, petitioner filed his federal habeas corpus petition in this Court, arguing as grounds for relief that (1) his plea of nolo contendere was involuntary because it was induced by erroneous advice from his trial counsel and the prosecutor that petitioner's sentence for burglary of a habitation would run concurrently with the unexpired portion of petitioner's previous 25-year sentence in Bexar County cause no. 93-CR-0145 for robbery by threats, (2) his trial counsel rendered ineffective assistance by (a) erroneously advising petitioner that petitioner's sentence for burglary of a habitation would run concurrently with the unexpired portion of petitioner's sentence for robbery, (b) failing to discover that petitioner's conviction for robbery was not final at the time of petitioner's burglary offense, and (c) failing to subpoena petitioner's accusers, (3) the state trial court failed to properly admonish petitioner in accordance with applicable provisions of the Texas Code of Criminal Procedure (Article 26.13) before accepting petitioner's

---

[1] Respondent states that petitioner's state habeas corpus application was dated February 23, 2015. For the purposes of this Order, this Court will presume the earlier date is the operative date for purposes of calculating compliance with the AEDPA's one-year limitations period.

Prior to filing his state habeas corpus application collaterally attacking his conviction in cause no. 2012-CR-6387, petitioner filed two other state habeas corpus application (WR-81,003-01 and WR-81.003-04) both of which collaterally attacked petitioner's prior state criminal conviction in Bexar County cause no. 1993-CR-0145 for robbery by threats and adjudication as a habitual offender. The Texas Court of Criminal Appeals denied WR-81,003-01 on March 26, 2014 without written order based on the trial court's findings made without a hearing. The Texas Court of Criminal Appeals dismissed WR-81,003-04 on June 10, 2015 for want of jurisdiction.

[2] The prison mailbox rule applies to Texas prisoners filing pro se state habeas corpus applications and federal habeas corpus petitions. *Richards v. Thaler*, 710 F.3d 573, 577-79 (5th Cir. 2013); *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010).

nolo plea, and (4) the state habeas court failed to hold an evidentiary hearing in petitioner's state habeas corpus proceeding (ECF nos. 1 & 2). On December 7, 2015 (ECF no. 10), petitioner filed a supplemental brief in support of his claims for relief in which he argued the state courts had not followed proper procedure during the course of petitioner's state habeas corpus proceeding.

On March 22, 2016 (ECF no. 22), respondent filed a motion to dismiss petitioner's federal habeas corpus petition as untimely and for failure to state a claim.

On April 11, 2016, petitioner filed his response to respondent's motion to dismiss (ECF nos. 24 & 25), in which he argued this Court improperly granted respondent several extensions on the deadline for filing respondent's answer to petitioner's federal habeas corpus petition, failure by this Court to address the merits of petitioner's claims would work a fundamental miscarriage of justice upon petitioner, unspecified factual errors appeared in petitioner's pre-sentence report, and the refusal of the state courts to furnish petitioner an evidentiary hearing during his state habeas corpus proceeding violated state law separation of powers principles.

The Untimeliness of Petitioner's Petition

"The AEDPA provides for a one-year limitation period during which a state prisoner may seek federal habeas review of his judgment of conviction, running, in this case, from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.' 28 U.S.C. § 2244(d)(1)(A)." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). A criminal conviction is "final" for purposes of the AEDPA's one-year limitations period when the defendant has exhausted his state appeals and either (1) the time for requesting a petition for certiorari review has passed or (2) the Supreme Court has affirmatively denied such a petition. *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994); *Paredes v. Quarterman*, 574 F.3d 281, 287 (5th Cir.

2009), *cert. denied*, 562 U.S. 1203 (2011). Petitioner does not allege that he ever filed a timely notice of appeal in connection with cause no. 2012-CR-6387 and this Court's independent research has failed to disclose any evidence Petitioner ever filed an appeal in that cause. Under Texas law, the deadline for filing a notice of appeal in a criminal case is generally thirty days after the date sentence is imposed or suspended in open court. Rule 26.2(a), TEX.R.APP.P. Petitioner does not allege that he filed a motion for new trial or that his state trial court entered an appealable order following the date of Petitioner's sentencing in cause no. 2012-CR-6387 on January 15, 2013. Therefore, Petitioner's 2013 conviction and sentence became final for purposes of the AEDPA's one-year statute of limitations thirty days after he was sentenced, i.e., not later than February 16, 2013. Ordinarily, in such circumstances, petitioner's conviction would become final for purposes of the AEDPA's limitations period thirty days after the disposition of his direct appeal. *See Rodriguez v. Thaler*, 664 F.3d 952, 954 (5th Cir. 2011) (holding conviction of Texas criminal defendant who pleaded guilty and did not waive his right to direct appeal became final for purposes of AEDPA's one-year limitations period thirty days after sentencing); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) ("We have held that, when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30–day period in which he could have filed the petition—that is, 'when the time for seeking further direct review expired.'" (*quoting Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003)). Thus, it appears Petitioner's conviction in cause no. 2012-CR-6387 became final not later than February 16, 2013. The AEDPA's one-year statute of limitations began running the following date and expired not later than February 17, 2014. Petitioner's federal habeas corpus petition was dated October 16, 2015, well after the expiration of the AEDPA's one-year limitations period.

Statutory Tolling Inapplicable

The AEDPA does provide for the tolling of the limitations period during the pendency of an application for state habeas corpus relief. 28 U.S.C. §2244(d)(2). Petitioner filed his only state habeas corpus application (signed February 23, 2015) collaterally attacking his conviction in Bexar County cause no. 2012-CR-6387 on February 26, 2015, more than a year after the one-year deadline for the filing of his federal habeas corpus petition expired. The Texas Court of Criminal Appeals denied Petitioner's state habeas corpus application June 17, 2015 (WR-81,003-06). Because petitioner had no state habeas corpus application pending as of the date his conviction became final for purposes of the AEDPA's limitations period, i.e., February 16, 2013, he is not entitled to statutory tolling under Section 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding petitioner's state habeas corpus application did not toll the limitations period under Section 2244(d)(2) because it was not filed until after the period of limitations had expired), *cert. denied*, 532 U.S. 963 (2001).

Equitable Tolling Inapplicable

"Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, a state prisoner has one year to file a federal petition for habeas corpus relief, starting from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.' 28 U.S.C. § 2244(d)(1)(A)." *Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012). The "AEDPA provides for a one-year limitation period during which a state prisoner may seek federal habeas review of his judgment of conviction, running, in this case, from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review.' 28 U.S.C. § 2244(d)(1)(A)." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Petitioner's conviction became final, and his limitation period began to run, not later than February 16, 2013. *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003); 28 U.S.C. § 2244(d)(1)(A). As explained above, Petitioner is not entitled to the benefit of the statutory tolling provision recognized in 28 U.S.C. §2244(d)(2).

The Supreme Court has made clear a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Equity is not intended for those who sleep on their rights." *Manning v. Epps*. 688 F.3d 177, 183 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 1633 (2013); *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010), *cert. denied*, 562 U.S. 1257 (2011). Even those petitioners represented by incompetent counsel are required to exercise due diligence in pursuing their rights. *See Manning v. Epps*, 688 F.3d at 184-85 (holding delay of 19 months in filing federal habeas corpus petition was the antithesis of due diligence). Ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during a post-conviction collateral attack upon a criminal conviction. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). Mere attorney error or neglect will not establish extraordinary circumstances warranting equitable tolling. *Id.* As explained above, Petitioner's state habeas corpus application did not toll the AEDPA's limitations period because his state habeas corpus application was filed nearly a year *after* the AEDPA's limitations period had already expired.

Petitioner's conclusory assertions that he would suffer a fundamental miscarriage of justice if this Court were to refuse to address the merits of his federal habeas corpus claims are unaccompanied by any specific facts showing petitioner exercised diligence with regard to pursuing federal habeas corpus relief or that any external impediment prevented him from timely filing his federal habeas corpus petition in this Court. In sum, Petitioner does not allege any facts showing he did anything to pursue relief, much less that he was diligent in challenging his 2013 conviction, until more than two years after his sentencing.

Under such circumstances, petitioner has failed to allege any specific facts showing he is entitled to equitable tolling of the AEDPA's one-year statute of limitations in this cause. *See Pace v. DiGuglielmo*, 544 U.S. at 418, 125 S. Ct. at 1814 ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."); *In re Campbell*, 750 F.3d 523, 533 (5th Cir. 2014) ("Equitable tolling is to be 'applied restrictively' and should be entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a plaintiffs [sic] claims when strict application of the statute of limitations would be inequitable.' "); *Palacios v. Stephens*, 723 F.3d at 604 (holding a federal habeas petitioner seeking to obtain the benefit of equitable tolling must establish (1) he pursued habeas relief with "reasonable diligence" and (2) some "extraordinary circumstances" stood in the way or "prevented" timely filing). Petitioner has offered no rational explanation for his failure to seek federal habeas corpus relief from this Court prior to October, 2015 or otherwise explained his failure to act more diligently to pursue state and federal habeas relief after his January, 2013 sentencing.

> "As a general rule, equitable tolling operates only in rare and exceptional circumstances where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir.2002) (alteration, citations, and internal quotation marks omitted). "Equitable tolling thus applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id.* (citations and internal quotation marks omitted). "As a consequence, neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Id.* (citation and internal quotation marks omitted).

*Sutton v. Cain*, 722 F.3d at 317.

Conclusory "Miscarriage of Justice" Plea

In an effort to avoid the legal ramifications of his untimely filed federal habeas corpus petition, petitioner argues in his pleadings and briefs that a refusal to consider the merits of his claims for relief would work a fundamental miscarriage of justice in his case. Petitioner's conclusory assertions are insufficient to bring his claims herein within the parameters of the Supreme Court's holding in *McQuiggin v. Perkins* and entitle him to review on the merits of his federal habeas corpus claims by this Court. The Supreme Court held in *McQuiggin* that "a credible showing of actual innocence" not only satisfies the fundamental miscarriage of justice exception to state procedural default principles but also satisfies an equitable exception to Section 2244(d)'s limitations period. *See McQuiggin v. Perkins*, 133 S. Ct. at 1934 ("The text of § 2244(d)(1) contains no clear command countering the courts' equitable authority to invoke the miscarriage of justice exception to overcome expiration of the statute of limitations governing a first federal habeas petition."). *McQuiggin* did not, however, expand the scope of what constitutes a credible showing of actual innocence. *See McQuiggin v. Perkins*, 133 S. Ct. at 1936 ("We stress once again that the *Schlup* standard is demanding."). A federal habeas corpus petitioner who seeks to avoid the legal impact

of his untimely filed federal habeas corpus petition "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin v. Perkins*, 133 S. Ct. at 1935 (*quoting Schlup v. Delo,* 513 U.S. 298, 327 (1995)). "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *McQuiggin v. Perkins*, 133 S. Ct. at 1935.

Petitioner does not allege any specific facts showing he is actually innocent of his 2013 Bexar County burglary conviction. Petitioner presents this Court with no fact-specific allegations, much less any truly new evidence, which tends to show he was not guilty of the offense to which he pleaded nolo contendere. The Supreme Court has made clear the actual innocence standard is "'by no means equivalent to the standard of *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979),' which governs claims of insufficient evidence." *See House v. Bell*, 547 U.S. 518, 538-39 (2006) (holding the *Schlup* actual innocence standard requires the federal habeas court to assess how reasonable jurors would react to newly discovered evidence and, possibly, to make credibility determinations); *Schlup v. Delo*, 513 U.S. 298, 330 (1995) (explaining the newly discovered evidence standard necessary to overcome a procedural default requires a more compelling showing than the *Jackson* insufficient evidence test - i.e., a showing that the new evidence "more likely than not" would result in an acquittal). Petitioner does not allege any specific facts showing there is any newly discovered evidence currently in existence which renders it "more likely than not" Petitioner is not guilty of the offense to which he pleaded nolo contendere in open court. Therefore, Petitioner has failed to satisfy the "fundamental miscarriage of justice" exception to § 2244(d). *See McQuiggin v. Perkins*, 133 S. Ct. at 1934 ("To invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that

no reasonable juror would have convicted him in light of the new evidence.' "). Petitioner has alleged no specific facts sufficient to satisfy the rigorous standard.

Certificate of Appealability

The AEDPA converted the "certificate of probable cause" previously required as a prerequisite to an appeal from the denial of a petition for federal habeas corpus relief into a "Certificate of Appealability" ("CoA"). *See Hill v. Johnson*, 114 F.3d 78, 80 (5th Cir. 1997) (recognizing the "substantial showing" requirement for a CoA under the AEDPA is merely a change in nomenclature from the CPC standard); *Muniz v. Johnson*, 114 F.3d 43, 45 (5th Cir. 1997) (holding the standard for obtaining a CoA is the same as for a CPC). The CoA requirement supersedes the previous requirement for a certificate of probable cause to appeal for federal habeas corpus petitions filed after the effective date of the AEDPA. *Robison v. Johnson*, 151 F.3d 256, 259 n.2 (5th Cir. 1998), *cert. denied*, 526 U.S. 1100 (1999); *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997), *cert. denied sub nom. Monroe v. Johnson*, 523 U.S. 1041 (1998).

Under the AEDPA, before a petitioner may appeal the denial of a habeas corpus petition filed under Section 2254, the petitioner must obtain a CoA. *Miller-El v. Johnson*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. §2253(c)(2). Likewise, under the AEDPA, appellate review of a habeas petition is limited to the issues on which a CoA is granted. *See Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002) (holding a CoA is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *Jones v. Cain*, 227 F.3d 228, 230 n.2 (5th Cir. 2000) (holding the same); *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding the scope of appellate review of denial of a habeas petition limited to the issues on which CoA has been granted). In other words, a CoA is granted or denied on an issue-by-issue basis, thereby limiting appellate review to those

issues on which CoA is granted alone. *Crutcher v. Cockrell*, 301 F.3d at 658 n.10; *Lackey v. Johnson*, 116 F.3d at 151; *Hill v. Johnson*, 114 F.3d at 80; *Muniz v. Johnson*, 114 F.3d at 45; *Murphy v. Johnson*, 110 F.3d 10, 11 n.1 (5th Cir. 1997); 28 U.S.C. §2253(c)(3). A CoA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Miller-El v. Johnson*, 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. 473, 483 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983).

To make such a showing, the petitioner need not show he will prevail on the merits but, rather, must demonstrate that reasonable jurists could debate whether (or, for that matter, agree) the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Tennard v. Dretke*, 542 U.S. at 282; *Miller-El v. Johnson*, 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. at 484; *Barefoot v. Estelle*, 463 U.S. at 893 n.4. This Court is required to issue or deny a CoA when it enters a final Order such as this one adverse to a federal habeas petitioner. *Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts*.

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the District Court disposed of the claim. "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Johnson*, 537 U.S. at 338 (*quoting Slack v. McDaniel*, 529 U.S. at 484); *accord Tennard v. Dretke*, 542 U.S. at 282. In a case in which the petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the petitioner

must show jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether this Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. at 484 (holding when a district court denies a habeas claim on procedural grounds, without reaching the underlying constitutional claim, a CoA may issue only when the petitioner shows that reasonable jurists would find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and (2) the district court's procedural ruling was correct).

Reasonable minds could not disagree over this Court's conclusions that (1) petitioner's federal habeas corpus petition is untimely under §2244(d), even when statutory tolling is considered and (2) petitioner is not entitled to the benefit of the doctrine of equitable tolling in this case. *See Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir.) (holding ignorance of the law, even for an incarcerated pro se petitioner, does not excuse prompt filing under the AEDPA's one-year statute of limitation), *cert. denied*, 531 U.S. 1035 (2000). Likewise, reasonable minds could not disagree with this Court's conclusion that petitioner's conclusory assertions of a fundamental miscarriage of justice, unaccompanied by any new evidence showing Petitioner's "actual innocence," are insufficient to satisfy the strict standard set forth in *Schlup* and reaffirmed in *McQuiggin*. Petitioner's original federal habeas petition was filed almost eighteen months after the AEDPA's statute of limitations on his federal habeas claims expired. Reasonable minds could not disagree with this Court's conclusion that Petitioner's conclusory assertion of a fundamental miscarriage of justice, bereft of any new evidence showing Petitioner's actual innocence is insufficient to overcome the untimeliness of his federal habeas corpus petition. Petitioner is not entitled to a Certificate of Appealability on any of his claims herein.

Accordingly, it is hereby **ORDERED** that:

1. The referral of this cause is **WITHDRAWN.**

2. Respondent's motion to dismiss, filed March 22, 2016 (ECF no. 22), is **GRANTED** as set forth below.

3. Petitioner's original federal habeas corpus petition, filed October 16, 2015 (ECF nos. 1 & 2), as supplemented by Petitioner's pleadings filed December 10, 2015 (ECF no. l0.) and April 11, 2016 (ECF no. 24), is **DISMISSED** WITH PREJUDICE AS UNTIMELY, pursuant to Title 28 U.S.C. Section 2244(d).

4. Petitioner is **DENIED** a Certificate of Appealability on all his claims in this Section 2254 action.

5. All other pending motions are **DISMISSED** as moot.

**It is so ORDERED.**

**SIGNED this 14th day of April, 2016.**

**XAVIER RODRIGUEZ**
**UNITED STATES DISTRICT JUDGE**